# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ISAAC DAVID REAL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. CIV 09-301-JHP-SPS |
| | ) | |
| PONTOTOC COUNTY | ) | |
| SHERIFF'S DEPARTMENT | ) | |
| and JIMMY BYNUM, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

This action is before the court on Defendant Pontotoc County Sheriff's Department's motion to dismiss. Plaintiff, an inmate in the custody of the Oklahoma Department of Corrections who is incarcerated at James Crabtree Correctional Center in Helena, Oklahoma, brings this action under the authority of 42 U.S.C. § 1983. He is seeking relief for alleged constitutional violations during his incarceration at the Pontotoc County Jail in Ada, Oklahoma. The defendants are the Pontotoc County Sheriff's Department and Jimmy Bynum, Pontotoc County Deputy Sheriff / Jail Administrator.

Plaintiff alleges that shortly after he was arrested on October 2, 2008, and housed in the Pontotoc County Jail, Defendant Bynum directed the segregation of inmates, so the white trustee inmates could attack the black inmates. Plaintiff claims that on October 22, 2008, he was pepper-sprayed and left unattended for almost two hours as punishment for calling his stepfather about the injustices at the jail. He later was indirectly pepper-sprayed for no justifiable reason on December 24, 2008, and April 1, 2009, by a Jailer named Andrew. He also asserts he and other inmates have been taken on many occasions to the freezing drunk

tank and forced to sit for hours as a form of punishment. In addition, any medical assessments or medications were provided by non-licensed jailers, and he was denied proper nutrition. He claims he was denied use of the phone, visitation, his incoming mail, a job as a trustee, and recreation outside his cell. According to plaintiff, none of his grievances were answered.

Defendant Pontotoc County Sheriff's Department has filed a motion to dismiss, alleging the Sheriff's Department is not a legal entity subject to suit. Plaintiff has not responded to the motion.

The capacity of an entity to be sued is determined by the law of the state in which the federal district court is located. Fed. R. Civ. P. 17(b). Under Oklahoma law, "any person, corporation, partnership, or unincorporated association [has] capacity to . . . be sued in this state." Okla. Stat. tit. 12, § 2017(B). While the Oklahoma courts have not addressed in a published opinion the issue of whether a jail or prison has capacity to be sued, other jurisdictions have concluded that a county or local jail lacks capacity. *See Lewis v. Houston County Jail*, 876 F. Supp 861, 865 n.1 (E.D. Tex. 1995) ("The Houston County Jail is not a legal entity capable of suit."); *Powell v. Cook County Jail*, 814 F.Supp. 757, 758 (N.D. Ill. 1993) ("Section 1983 imposes liability on any 'person' who violates someone's constitutional rights 'under color of law.' Cook County Jail is not a 'person'--it is not a legal entity to begin with."); *Owens v. Scott County Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003) ("[C]ounty jails are not legal entities amenable to suit."); *Smith v. Franklin County*, 227 F.Supp.2d 667, 674 -675 (E.D. Ky. 2002) ("[T]he Franklin County Correctional Complex/Franklin County Regional Jail [] is not a legal entity capable of being sued. Rather, [] it is a facility owned and provided for by the Fiscal Court and operated by the jailer per

[the state constitution and state statutes]."). The court, therefore, agrees with Defendant Pontotoc County Sheriff's Department that it is not a legal entity subject to suit.

**ACCORDINGLY,** Defendant Pontotoc County Sheriff's Department's motion to dismiss [Docket #22] is GRANTED.

**IT IS SO ORDERED** this 23rd day of September 2010.

_____
James H. Payne
United States District Judge
Eastern District of Oklahoma